The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LAWYERS FUNDING GROUP, LLC

**DEFENDANTS**
Theodore W. White, Jr., Brian Forrest McCallister, Esquire, Michael I. Kanovitz, Esquire, The McCallister Law Firm, P.C. and Elgron, Inc. d/b/a Loevy & Loevy

(b) County of Residence of First Listed Plaintiff　Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Zibelman Legal Associates, PC
1500 JFK Blvd., Suite 1700, Philadelphia, PA 19102
(215) 569-0600　　Alan R. Zibelman, Esquire

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. 1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 375,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*　JUDGE _____　DOCKET NUMBER _____

DATE 05/23/2014　　SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Lawyers Funding Group LLC

v.

Theodore W. White, Jr., et al.

Civil Action No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

[X]   The nongovernmental corporate party, *Lawyers Funding Group, LLC*, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ]   The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

5/23/14
Date

_____
Signature

Counsel for: *Lawyers Funding Group, LLC*

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:
  (1)   identifies any parent corporation and any publicly held corporation owning 10% or more of its stock;  or
  (2)   states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
  (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
  (2)   promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lawyers Funding Group, LLC                                    CIVIL ACTION
               v.
Theodore W. White, Jr., et al.                                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

5/23/14         [signature]              Lawyers Funding Group, LLC
Date            Attorney-at-law          Attorney for

215-565-0600    215-565-1175             ZIBLAW@AOL.com
Telephone       FAX Number               E-Mail Address


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1500 JFK Blvd, Suite 1740, Phila PA 19102_

Address of Defendant: _1748 Amanda Lane Saratoga Springs, UT 84045_

Place of Accident, Incident or Transaction: _Philadelphia PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Alan R Zibelman_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _5/23/14_    _Alan R. Zibelman_    _66593_
               Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/23/14_    _Alan R. Zibelman_    _66593_
               Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1500 JFK Blvd, Suite 1740, Phila PA 19102

Address of Defendant: 1748 Amanda Lane Saratoga Springs, UT 84045

Place of Accident, Incident or Transaction: Philadelphia PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Alan R Zibelman, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5/23/14   Alan R Zibelman   66593
                Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/23/14   _____   66593
                Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lawyers Funding Group, LLC<br>1500 JFK Boulevard, Suite 1700<br>Philadelphia, PA 19102 | : <br> : <br> : <br> : |
| v: | : Civil Action NO. |
| Theodore W. White, Jr.<br>1748 Amanda Lane<br>Saratoga Springs, UT 84045 | : <br> : <br> : |
| & | : |
| Brian Forrest McCallister, Esquire<br>917 W. 43rd St.<br>Kansas City, MO 64111 | : <br> : <br> : |
| & | : |
| Michael I. Kanovitz, Esquire<br>312 N. May Street, Suite 100<br>Chicago, IL 60607 | : <br> : <br> : |
| & | : |
| The McCallister Law Firm, P.C.<br>917 W. 43rd St.<br>Kansas City, MO 64111 | : <br> : <br> : |
| & | : |
| Elgron, Inc.<br>d/b/a Loevy & Loevy<br>312 N. May Street, Suite 100<br>Chicago, IL 60607 | : <br> : <br> : <br> : |

Plaintiff Lawyers Funding Group, LLC, by and through its undersigned counsel allege against defendants as follows:

I.  **PARTIES AND JURISDICTION**

1. Plaintiff, Lawyers Funding Group, LLC, hereinafter ("LFG") is a limited liability corporation organized and existing under the laws of the State of Pennsylvania, which at all times material hereto maintained a principle place of business at the above captioned address.

2. Defendant, Theodore W. White, Jr., hereinafter referred to as "Seller" in the transactions to be hereinafter described, is an individual who at all times relevant resided at the above captioned address and who at all times material was represented by co-defendants acting as his legal counsel.

3. Defendant, Brian Forrest McCallister, Esquire, hereinafter ("McCallister") is an attorney at law, licensed by the State of Missouri, who at all times relevant was identified as a partner, shareholder, agent and/or employee of the firm of The McCallister Law Firm, P.C. and maintained a law office at the above captioned address.

4. Defendant, Michael I. Kanovitz, Esquire, hereinafter ("Kanovitz") is an attorney at law, licensed by the State of Illinois, who at all times relevant was identified as a partner, shareholder, agent and/or employee of the firm of Loevy & Loevy and maintained a law office at the above captioned address.

5. Defendant, The McCallister Law Firm, P.C., hereinafter ("McCallister PC") is a corporation organized and existing under the laws of the State of Missouri, a law firm, which at all times material hereto maintained a principle place of business at the above captioned address. At all times material, defendant acted by and through its agent, employee or shareholder, co-defendant Brian Forrest McCallister, Esquire.

6. Defendant, Elgron, Inc., hereinafter ("Elgron") is a corporation organized and existing under the laws of the State of Illinois, doing business as Loevy & Loevy, a

law firm, which at all times material hereto, maintained a principle place of business at the above captioned address. At all times material, defendant acted by and through its agent, employee or shareholder, co-defendant Michael I. Kanovitz, Esquire.

7. This Honorable Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C.A. Section 1332 as set forth in more detail below based upon the complete diversity of citizenship of all parties and the amount in controversy.

## II. **FACTS**

8. LFG is engaged in the business of purchasing investments in the anticipated monetary proceeds of pending lawsuits, pursuant to "Purchase Agreements" which define said Proceeds as "The entire amount of the verdict, judgment, award or settlement recovered by Seller less legal fees and costs payable to attorney under the existing Fee Agreement between Attorney and Seller".

9. LFG provides funds to individuals and businesses that are plaintiffs in pending lawsuits and does not obtain a credit bureau report on the applicant or otherwise review the applicant's creditworthiness. The amount of LFG's investment in a claim depends entirely on valuation of the claim including the likelihood of it being settled or reduced to a recoverable judgment and the estimated dollar amount of the settlement or judgment.

10. The Purchase "Assignment" Agreements make clear that LFG has no recourse to the Seller to recover its investment and fees and that LFG is entitled to recover nothing (not even its investment) in the event that the plaintiff dismisses the lawsuit or in the event the court dismisses the lawsuit. In the event that the plaintiff receives the proceeds of a settlement or judgment from the lawsuit, LFG is entitled to return of its investment and fees, limited, however by the amount of proceeds received by the plaintiff from the settlement or judgment, less the plaintiff's counsel fees.

Although LFG invests in a lawsuit, it does not acquire the right to control or manage the lawsuit. All strategic decisions continue to be made by the plaintiff and plaintiff's counsel.

11. On or about July 22, 2009, LFG entered into a Purchase Agreement with Defendant, Seller, Theodore W. White, Jr. which Agreement was also acknowledged by Seller's attorney, McCallister, pursuant to which Seller sold to Buyer an investment in the anticipated proceeds of Seller's claims against **"Richard McKinley, both in his official capacity and his individual capacity; Tina McKinley, in her individual capacity; Kenneth T. Conlee, both in his official capacity and his individual capacity; the City of Lee's Summit, Missouri, & any other responsible parties &/or applicable benefits which may be recovered, et al. (Case No. 05-0203-CV-W-GAF)."**

12. The amount invested by LFG to Defendant, Seller, Theodore W. White, Jr. defined in paragraph 2 of the July 22, 2009 Purchase Agreement as the "Purchase Price" was the amount of Fifty Thousand ($50,000) Dollars and for which LFG was Assigned to receive from these Proceeds as defined in Paragraph 1(a) of the July 22, 2009 Purchase Agreement as the "Purchased Amount" the total sum of $147,500 if received by December 31, 2011 and if not received by December 31, 2011, such sum shall increase by 3.25% per month, compounded monthly, until repayment is made to LFG. Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the July 22, 2009 Purchase Agreement executed in counterparts pursuant to paragraph 10(i) of the Agreement.

13. On or about February 22, 2010, Defendant, Seller, Theodore W. White, Jr. requested a supplemental advance of an additional sum of $19,000 and executed an Amended Purchase Agreement whereby the amended "Purchase Price" was the sum of $69,000 and the amended "Purchased Amount" is the total sum of $203,500 if received by December 31, 2011 and if not received by December 31, 2011, such sum shall increase by 3.25% per month, compounded monthly, until repayment is made to LFG. Attached hereto and marked as **Exhibit "B"** is a true and correct copy of the February 22, 2010 Amended Purchase Agreement, executed in counterparts, which was also acknowledged by Seller's attorneys, McCallister and Kanovitz.

14. On or about July 23, 2009 McCallister executed an Acknowledgment of Lien to the July 22, 2009 Purchase Agreement attached as **Exhibit "C"** wherein he agreed to "notify and make distribution to LFG of the Purchased Amount at the time said Proceeds are received from a verdict, judgment, award or settlement at the time that the Proceeds are distributed to Seller without further authorization from Seller". McCallister also attached an Acknowledgment of Lien to the July 22, 2009 Purchase Agreement and thereby acknowledged a matrix of all known prior liens from companies similar to LFG who had similarly invested in the anticipated proceeds of Seller's claims. See attached as **Exhibit "D"**.

15. On or about February 22, 2010 McCallister executed, as part of the February 22, 2010 **Amended Purchase Agreement**, an "Acknowledgment of Lien by Legal Counsel" attached as **Exhibit "E"**.

16. On or about February 23, 2010 Kanovitz executed, as part of the February 22, 2010 **Amended Purchase Agreement**, an "Acknowledgment of Lien by Legal Counsel" attached as **Exhibit "F"** .

17. On May 25, 2012, Kanovitz wrote plaintiff confirming that his firm had neglected to include plaintiff on the disbursements made from escrrow and sasserted various excuses, explanations and defenses which had no bearing upon satisfaction of other similar for more than One Million ($1,000,000) Dollars which were satisfied from the proceeds of his clients' litigation which had been resolved in August of 2011.

18. It is unknown when final distribution was made to defendant, Theodore White, Jr.

19. As of May 2012 the balance due according to the calculation of the "Purchased Amount" was $350,880.50 and plaintiff reserves the right to amend its calculation through the date of trial.

20. In the alternative, pursuant to paragraph 3(a) of the Purchase Agreement, Buyer was to be paid the Purchased Amount within ten (10) days of distribution of the Proceeds and that in the event of failure to timely deliver said Proceeds to Buyer, Seller shall pay in addition to the sums agreed, interest at 18% per annum. Accordingly, the balance due in August 2011 was $203,500 and Defendants are therefore jointly and severally liable to LFG for the additional sum of $66,748 through May 2012. Plaintiff reserves the right to amend its calculation through the date of trial.

21. Paragraph 7 of the Purchase Agreement provides for attorney's fees sought in the amount of 10% of the Purchased Amount ($350,880.50) or the sum of $35,088.00.

22. The Pennsylvania Supreme Court has upheld the validity of Purchase Assignment Agreements. See **Legal Capital LLC v. Medical Professional Liability Catastrophe Loss Fund**, 750 A.2d 299 (Pa. 2000).

23. The Honorable Jane Greenspan who retired from the PA Supreme Court authored an Opinion when she was on the bench of the Court of Common Pleas of

Philadelphia County, and held an attorney representing a plaintiff who enters into a contingency proceeds agreement, signs an "attorney acknowledgement" of the agreement between the lender and the plaintiff, the attorney becomes subject to the terms of the agreement. See **Jaguar Trading, Ltd. v. Leonard R. Parks, Esquire, et al.**, December Term, 2007, No. 4118, Control No. 121929. See **Exhibit "G"**

## COUNT I - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, THEODORE W. WHITE, JR.

24. Plaintiff incorporates herein paragraphs 1 through 23 inclusive, as if fully set forth below at length.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Theodore W. White, Jr., in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT II - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, BRIAN MCALLISTER, ESQUIRE

25. Plaintiff incorporates herein paragraphs 1 through 24 inclusive, as if fully set forth below at length.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Brian McCalliser, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT III - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, MICHAEL KANOVITZ, ESQUIRE

26. Plaintiff incorporates herein paragraphs 1 through 25 inclusive, as if fully set forth below at length.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Michael Kanovitz, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT IV - NEGLIGENCE
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, BRIAN MCALLISTER, ESQUIRE

27. Plaintiff incorporates herein paragraphs 1 through 26 inclusive, as if fully set forth below at length.

28. Defendant Brian McCallister was negligent in the following respects :

a) failing to implement sufficient office procedures and protocols for the proper recording of liens so as to satisfy clients' obligation from trust funds for which counsel executed an Acknowledgment of Lien.

b) failing to supervise, oversee and direct support staff personnel including paralegals, secretaries, accounting staff, administrators or others to confirm that procedures and protocols for recording and satisfying client's lien obligation to third parties including plaintiff

c) failing to properly prepare and/or review recapitulation and/or schedules of distributions and to personally confirm that the recorded liens and all obligations of his client were accurate and attested.

29. As a result of the aforesaid negligence, plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Brian McCalliser, in an amount in excess of Seventy Five

Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT V- NEGLIGENCE
### LAWYERS FUNDING GROUP, LLC V. DEFENDANT, MICHAEL KANOVITZ, ESQUIRE

30. Plaintiff incorporates herein paragraphs 1 through 29 inclusive, as if fully set forth below at length.

31. Defendant Michael Kanovitz was negligent in the following respects :

a) failing to implement sufficient office procedures and protocols for the proper recording of liens so as to satisfy clients' obligation from trust funds for which counsel executed an Acknowledgment of Lien.

b) failing to supervise, oversee and direct support staff personnel including paralegals, secretaries, accounting staff, administrators or others to confirm that procedures and protocols for recording and satisfying client's lien obligation to third parties including plaintiff

c) failing to properly prepare and/or review recapitulation and/or schedules of distributions and to personally confirm that the recorded liens and all obligations of his client were accurate and attested.

d) failing to coordinate and/or communicate with co-counsel Michael Kanovitz and Loevy&Loevy Attorneys at Law so as to confirm that his client's lien obligations would be properly recorded and/or satisfied

32. As a result of the aforesaid negligence, plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Michael Kanovitz, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT VI-
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, THE MCCALLISTER LAW FIRM, PC

33. Plaintiff incorporates herein paragraphs 1 through 32 inclusive, as if fully set forth below at length.

34. At all times material hereto, Defendant, Brian McCallister, Esquire was a principal, officer, employee or otherwise an agent of defendant McCallister Law Firm, PC and as such McCallister law firm is directly and/or vicariously liable for the negligence and/or breach of contract of Brain McCallister, Esq.

35. As a result of the aforesaid plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, McCallister Law Firm, PC, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT VII
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, ELGRON, INC

36. Plaintiff incorporates herein paragraphs 1 through 35 inclusive, as if fully set forth below at length.

37. At all times material hereto, Defendant, Michael Kanovitz, Esquire was a principal, officer, employee or otherwise an agent of defendant Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law, and as such Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law is directly and/or vicariously liable for the negligence and/or breach of contract of Brain McCallister, Esq.

38. As a result of the aforesaid plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

RESPECTFULLY SUBMITTED,

BY: _____
ALAN R. ZIBELMAN, ESQUIRE
Attorney for Plaintiff,
Lawyers Funding Group, LLC
Attorney I.D. No.: 66993
Two Penn Center Plaza, Suite 950
Philadelphia, PA 19102
(215) 569-0600