IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Lawyers Funding Group, LLC<br>1500 JFK Boulevard, Suite 1700<br>Philadelphia, PA 19102<br><br>v:<br><br>Theodore W. White, Jr.<br>1748 Amanda Lane<br>Saratoga Springs, UT 84045<br><br>&<br><br>Brian Forrest McCallister, Esquire<br>917 W. 43rd St.<br>Kansas City, MO 64111<br><br>&<br><br>Michael I. Kanovitz, Esquire<br>312 N. May Street, Suite 100<br>Chicago, IL 60607<br><br>&<br><br>The McCallister Law Firm, P.C.<br>917 W. 43rd St.<br>Kansas City, MO 64111<br><br>&<br><br>Elgron, Inc.<br>d/b/a Loevy & Loevy<br>312 N. May Street, Suite 100<br>Chicago, IL 60607 | Civil Action NO. 2:14cv2962 |

Plaintiff Lawyers Funding Group, LLC, by and through its undersigned counsel allege against defendants as follows:

I.  **PARTIES AND JURISDICTION**

1. Plaintiff, Lawyers Funding Group, LLC, hereinafter ("LFG") is a limited liability corporation organized and existing under the laws of the State of Pennsylvania, which at all times material hereto maintained a principle place of business at the above captioned address.

2. Defendant, Theodore W. White, Jr., hereinafter referred to as "Seller" in the transactions to be hereinafter described, is an individual who at all times relevant resided at the above captioned address and who at all times material was represented by co-defendants acting as his legal counsel.

3. Defendant, Brian Forrest McCallister, Esquire, hereinafter ("McCallister") is an attorney at law, licensed by the State of Missouri, who at all times relevant was identified as a partner, shareholder, agent and/or employee of the firm of The McCallister Law Firm, P.C. and maintained a law office at the above captioned address.

4. Defendant, Michael I. Kanovitz, Esquire, hereinafter ("Kanovitz") is an attorney at law, licensed by the State of Illinois, who at all times relevant was identified as a partner, shareholder, agent and/or employee of the firm of Loevy & Loevy and maintained a law office at the above captioned address.

5. Defendant, The McCallister Law Firm, P.C., hereinafter ("McCallister PC") is a corporation organized and existing under the laws of the State of Missouri, a law firm, which at all times material hereto maintained a principle place of business at the above captioned address. At all times material, defendant acted by and through its agent, employee or shareholder, co-defendant Brian Forrest McCallister, Esquire.

6.  Defendant, Elgron, Inc., hereinafter ("Elgron") is a corporation organized and existing under the laws of the State of Illinois, doing business as Loevy & Loevy, a law firm, which at all times material hereto, maintained a principle place of business at the above captioned address. At all times material, defendant acted by and through its agent, employee or shareholder, co-defendant Michael I. Kanovitz, Esquire.

7.  This Honorable Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C.A. Section 1332 as set forth in more detail below based upon the complete diversity of citizenship of all parties and the amount in controversy.

## II. FACTS

8.  LFG is engaged in the business of purchasing investments in the anticipated monetary proceeds of pending lawsuits, pursuant to "Purchase Agreements" which define said Proceeds as "The entire amount of the verdict, judgment, award or settlement recovered by Seller less legal fees and costs payable to attorney under the existing Fee Agreement between Attorney and Seller".

9.  LFG provides funds to individuals and businesses that are plaintiffs in pending lawsuits and does not obtain a credit bureau report on the applicant or otherwise review the applicant's creditworthiness. The amount of LFG's investment in a claim depends entirely on valuation of the claim including the likelihood of it being settled or reduced to a recoverable judgment and the estimated dollar amount of the settlement or judgment.

10. The Purchase "Assignment" Agreements make clear that LFG has no recourse to the Seller to recover its investment and fees and that LFG is entitled to recover nothing (not even its investment) in the event that the plaintiff dismisses the lawsuit or in the event the court dismisses the lawsuit. In the event that the plaintiff receives the proceeds of a settlement or judgment from the lawsuit, LFG is entitled to return of its investment and fees, limited, however by the amount of proceeds received by the plaintiff from the settlement or judgment, less the plaintiff's counsel fees.

Although LFG invests in a lawsuit, it does not acquire the right to control or manage the lawsuit. All strategic decisions continue to be made by the plaintiff and plaintiff's counsel.

11. On or about July 22, 2009, LFG entered into a Purchase Agreement with Defendant, Seller, Theodore W. White, Jr. which Agreement was also acknowledged by Seller's attorney, McCallister, pursuant to which Seller sold to Buyer an investment in the anticipated proceeds of Seller's claims against **"Richard McKinley, both in his official capacity and his individual capacity; Tina McKinley, in her individual capacity; Kenneth T. Conlee, both in his official capacity and his individual capacity; the City of Lee's Summit, Missouri, & any other responsible parties &/or applicable benefits which may be recovered, et al. (Case No. 05-0203-CV-W-GAF)."**

12. The amount invested by LFG to Defendant, Seller, Theodore W. White, Jr. defined in paragraph 2 of the July 22, 2009 Purchase Agreement as the "Purchase Price" was the amount of Fifty Thousand ($50,000) Dollars and for which LFG was Assigned to receive from these Proceeds as defined in Paragraph 1(a) of the July 22, 2009 Purchase Agreement as the "Purchased Amount" the total sum of $147,500 if received by December 31, 2011 and if not received by December 31, 2011, such sum

shall increase by 3.25% per month, compounded monthly, until repayment is made to LFG. Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the July 22, 2009 Purchase Agreement executed in counterparts pursuant to paragraph 10(i) of the Agreement.

13. On or about February 22, 2010, Defendant, Seller, Theodore W. White, Jr. requested a supplemental advance of an additional sum of $19,000 and executed an Amended Purchase Agreement whereby the amended "Purchase Price" was the sum of $69,000 and the amended "Purchased Amount" is the total sum of $203,500 if received by December 31, 2011 and if not received by December 31, 2011, such sum shall increase by 3.25% per month, compounded monthly, until repayment is made to LFG. Attached hereto and marked as **Exhibit "B"** is a true and correct copy of the February 22, 2010 Amended Purchase Agreement, executed in counterparts, which was also acknowledged by Seller's attorneys, McCallister and Kanovitz.

14. On or about July 23, 2009 McCallister executed an Acknowledgment of Lien to the July 22, 2009 Purchase Agreement attached as **Exhibit "C"** wherein he agreed to "notify and make distribution to LFG of the Purchased Amount at the time said Proceeds are received from a verdict, judgment, award or settlement at the time that the Proceeds are distributed to Seller without further authorization from Seller". McCallister also attached an Acknowledgment of Lien to the July 22, 2009 Purchase Agreement and thereby acknowledged a matrix of all known prior liens from companies similar to LFG who had similarly invested in the anticipated proceeds of Seller's claims. See attached as **Exhibit "D"**.

15. On or about February 22, 2010 McCallister executed, as part of the February 22, 2010 **Amended Purchase Agreement**, an "Acknowledgment of Lien by Legal Counsel" attached as **Exhibit "E"**.

16. On or about February 23, 2010 Kanovitz executed, as part of the February 22, 2010 **Amended Purchase Agreement**, an "Acknowledgment of Lien by Legal Counsel" attached as **Exhibit "F"**.

17. Unbeknownst to plaintiff, Ted White's underlying case settled for Fifteen Million Five Hundred Thousand (15,500,000.00) Dollars on or about June 15, 2011, however, no disbursements were made to plaintiff nor was plaintiff notified by any of the defendants about the settlement.

18. On May 17, 2012, plaintiff LFG requested status of its Lien from legal counsel.

19. On May 25, 2012, Kanovitz wrote plaintiff confirming that his firm had failed to include plaintiff on the disbursements made from escrow and asserted various excuses, explanations and defenses.

20. Kanowitz confirmed that he had made disbursements to other finance companies of plaintiff's behalf for various sums totaling over One Million ($1,000,000) Dollars.

21. The "Purchased Amount:" due LFG as of the time or Settlement or distribution in August 2011 was $203,500. Pursuant to paragraph 3(a) of the Purchase Agreement, Buyer was to be paid the Purchased Amount within ten (10) days of distribution of the Proceeds and that in the event of failure to timely deliver said Proceeds to Buyer, Seller shall pay in addition to the sums agreed, interest at 18% per annum. Accordingly, the balance due as of August 2014 is $313,390.

22. Paragraph 7 of the Purchase Agreement provides for attorney's fees sought in the amount of 10% of the Purchased Amount or the sum of $ 20,350.00.

23. The Pennsylvania Supreme Court has upheld the validity of Purchase Assignment Agreements. See **Legal Capital LLC v. Medical Professional Liability Catastrophe Loss Fund**, 750 A.2d 299 (Pa. 2000).

24. The Honorable Jane Greenspan who retired from the PA Supreme Court authored an Opinion when she was on the bench of the Court of Common Pleas of Philadelphia County, and held an attorney representing a plaintiff who enters into a contingency proceeds agreement, signs an "attorney acknowledgement" of the agreement between the lender and the plaintiff, the attorney becomes subject to the terms of the agreement. See **Jaguar Trading, Ltd. v. Leonard R. Parks, Esquire, et al.**, December Term, 2007, No. 4118, Control No. 121929. See **Exhibit "G"**

## COUNT I - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, THEODORE W. WHITE, JR.

25. Plaintiff incorporates herein paragraphs 1 through 24 inclusive, as if fully set forth below at length.

26. Defendant Theodore White, Jr., has not satisfied his obligation under the Purchase Agreement to re-pay LFG its Lien.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Theodore W. White, Jr., in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT II - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, BRIAN MCALLISTER, ESQUIRE

27. Plaintiff incorporates herein paragraphs 1 through 26 inclusive, as if fully set forth below at length.

28. Defendant ignored the Irrevocable Assignment by Ted White directing counsel to notify and make distribution to LFG of the Purchased Amount at the time said Proceeds are received from a verdict, judgment, award or settlement at the time that the Proceeds are distributed to him without further authorization.

29. Defendant has not acted consistent with the obligations imposed as escrow agent under the terms of the Attorney Acknowledgment of Lien.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Brian McCalliser, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT III - BREACH OF CONTRACT
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, MICHAEL KANOVITZ, ESQUIRE

30. Plaintiff incorporates herein paragraphs 1 through 29 inclusive, as if fully set forth below at length.

31. Defendant ignored the Irrevocable Assignment by Ted White directing counsel to notify and make distribution to LFG of the Purchased Amount at the time said Proceeds are received from a verdict, judgment, award or settlement at the time that the Proceeds are distributed to him without further authorization.

32. Defendant has not acted consistent with the obligations imposed as escrow agent under the terms of the Attorney Acknowledgment of Lien.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Michael Kanovitz, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT IV - NEGLIGENCE
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, BRIAN MCALLISTER, ESQUIRE

33. Plaintiff incorporates herein paragraphs 1 through 32 inclusive, as if fully set forth below at length.

34. Defendant Brian McCallister was negligent in the following respects :

a) failing to implement sufficient office procedures and protocols for the proper recording of liens so as to satisfy clients' obligation from trust funds for which counsel executed an Acknowledgment of Lien.

b) failing to supervise, oversee and direct support staff personnel including paralegals, secretaries, accounting staff, administrators or others to confirm that procedures and protocols for recording and satisfying client's lien obligation to third parties including plaintiff

c) failing to properly prepare and/or review recapitulation and/or schedules of distributions and to personally confirm that the recorded liens and all obligations of his client were accurate and attested.

d) failing to coordinate and/or communicate with co-counsel Michael Kanovitz so as to confirm that his client's lien obligations would be properly recorded and/or satisfied

e) Failing to recognize and/or take precaution to ensure all settlement proceeds are directed to his possession and control to be able to carry out responsibilities imposed as escrow agent under the Attorney Acknowledgment of Lien

35. As a result of the aforesaid negligence, plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Brian McCalliser, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT V- NEGLIGENCE
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, MICHAEL KANOVITZ, ESQUIRE

36. Plaintiff incorporates herein paragraphs 1 through 35 inclusive, as if fully set forth below at length.

37. Defendant Michael Kanovitz was negligent in the following respects :

a) failing to implement sufficient office procedures and protocols for the proper recording of liens so as to satisfy clients' obligation from trust funds for which counsel executed an Acknowledgment of Lien.

b) failing to supervise, oversee and direct support staff personnel including paralegals, secretaries, accounting staff, administrators or others to confirm that procedures and protocols for recording and satisfying client's lien obligation to third parties including plaintiff

c) failing to properly prepare and/or review recapitulation and/or schedules of distributions and to personally confirm that the recorded liens and all obligations of his client were accurate and attested.

d) failing to coordinate and/or communicate with co-counsel Brian McCallister so as to confirm that his client's lien obligations would be properly recorded and/or satisfied

e) Failing to recognize and/or take precaution to ensure all settlement proceeds are directed to his possession and control to be able to carry out responsibilities imposed as escrow agent under the Attorney Acknowledgment of Lien

38. As a result of the aforesaid negligence, plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Michael Kanovitz, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT VI - BREACH OF FIDUCIARY DUTY
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, BRIAN MCCALLISTER, ESQUIRE

39. Plaintiff incorporates herein paragraphs 1 through 38 inclusive, as if fully set forth below at length.

40. The Acknowledgment of Liens executed by defendant and specifically incorporated into the Agreements imposed a duty upon defendant to act as escrow agent which defendants knew or should have known induced plaintiff to enter into the Purchase Agreement with his client. Without the law firm actions as escrow agent, LFG would not have entered into the Agreement as its interest would not be protected.

41. Upon information and belief a large portion of the $15,000,000 Million Dollar Settlement was funded by one settling party by separate wire transfers to defendant White and his legal counsel rather than by directing the proceeds to counsel to make disbursements. The request for and/or acceptance of wire transfers was beneficial for defendant and his client by expediting cleared funds, however, this prevented defendant from being ale to facilitate his duties as escrow agent

42. The Missouri Rules of Professional Responsibility require a lawyer to safekeep property and to notify third persons of property that the third person is entitled to receive and upon request shall render a full accounting. maintain property which the lawyer is aware on an interest on favor of a third parties who have lawful claims against specific funds their custody such as a clients's creditor with a lien on the funds. A lawyer we has a duty to protect third part claims against wrongful interference from a client.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Brian McCallister, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT VII- BREACH OF FIDUCIARY
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, MICHAEL KANOVITZ, ESQUIRE

43. Plaintiff incorporates herein paragraphs 1 through 42 inclusive, as if fully set forth below at length.

44. The Acknowledgment of Liens executed by defendant and specifically incorporated into the Agreements imposed a duty upon defendant to act as escrow agent which defendants knew or should have known induced plaintiff to enter into the Purchase Agreement with his client. Without the law firm actions as escrow agent, LFG would not have entered into the Agreement as its interest would not be protected.

45. Upon information and belief a large portion of the $15,000,000 Million Dollar Settlement was funded by one settling party by separate wire transfers to defendant White and his legal counsel rather than by directing the proceeds to counsel to make disbursements. The request for and/or acceptance of wire transfers was beneficial for defendant and his client by expediting cleared funds, however, this prevented defendant from being ale to facilitate his duties as escrow agent.

46. The Illinois Rules of Professional Responsibility require a lawyer to safekeep property and to notify third persons of property that the third person is entitled to receive and upon request shall render a full accounting. maintain property which the lawyer is aware on an interest on favor of a third parties who have lawful claims against specific funds their custody such as a clients's creditor with a lien on the funds. A lawyer we has a duty to protect third part claims against wrongful interference from a client suffer damages.

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Michael Kanovitz, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT VIII
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, THE MCCALLISTER LAW FIRM, PC

47. Plaintiff incorporates herein paragraphs 1 through 46 inclusive, as if fully set forth below at length.

48. At all times material hereto, Defendant, Brian McCallister, Esquire was a principal, officer, employee or otherwise an agent of defendant McCallister Law Firm, PC and as such McCallister law firm is directly and/or vicariously liable for the negligence and/or breach of contract of Brain McCallister, Esq.

49. As a result of the aforesaid plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, McCallister Law Firm, PC, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT IX
## LAWYERS FUNDING GROUP, LLC V. DEFENDANT, ELGRON, INC

50. Plaintiff incorporates herein paragraphs 1 through 49 inclusive, as if fully set forth below at length.

51. At all times material hereto, Defendant, Michael Kanovitz, Esquire was a principal, officer, employee or otherwise an agent of defendant Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law, and as such Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law is directly and/or vicariously liable for the negligence and/or breach of contract of Brain McCallister, Esq.

52. As a result of the aforesaid plaintiff has suffered and continued to suffer damages

**WHEREFORE**, plaintiff, Lawyers Funding Group, LLC, demands judgment in its favor and against defendant, Elgron, Inc d/b/a Loevy & Loevy, Attorneys At Law in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

RESPECTFULLY SUBMITTED,

BY: _____
ALAN R. ZIBELMAN, ESQUIRE
Attorney for Plaintiff,
Lawyers Funding Group, LLC
Attorney I.D. No.: 66993
Two Penn Center Plaza, Suite 1700
Philadelphia, PA 19102
(215) 569-0600